UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>                Plaintiff,<br><br>     v.<br><br>DAVID A. FOWLER,<br><br>                Defendant. | Case No.  04-5313 KLS<br><br>ORDER ON DISCOVERY MOTIONS |

The following motions are pending before this court:

1. Defendant's motion for a protective order.  Dkt. 29.

2. Defendant's motion to quash.  Dkt. 31.

3. Plaintiff's counter motion to strike.  Dkt. 37.

4. Plaintiff's motion to compel discovery noted for April 22.  Dkt. 46.

5. Defendant's motion in limine to suppress PayPal records.  Dkt. 42.

The court also notes that the plaintiff filed a motion to extend the deadline to file dispositive motions.  Dkt. 56.  This motion is noted for May 13, 2004.

**Defendant's Motion for Protective Order (Dkt. 29).**  Mr. Fowler is requesting a protective order with regard to his (1) financial records, including his banking and PayPal accounts, (2) social security number, (3) computer hard drive and (4) the use of any web postings by the defendant on www.wumarkus.com.  The plaintiff requested production of the various documents and the defendant's

Order Denying Motion to Extend Time for Indictment
Page - 1

1  hard drive in its Request for Production of Documents dated February 5, 2005.  Dkt. 38, Exh. A.

2      *Financial records.*  With regard to financial records, including banking records and PayPal
3  accounts, the defendant's objections are not well taken.  "Parties may obtain discovery regarding any
4  matter, not privileged, that is relevant to the claim or defense of any party. . . Relevant information need
5  not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of
6  admissible evidence."  Fed. R. Civ. P. 26 (b)(1).   Mr. Fowler's financial records, including his banking
7  records and other records, such as PayPal or CCNow, are discoverable as they may contain information
8  relevant to the plaintiff's claims.

9      Mr. Fowler did object to the time frame covered by the plaintiff's request.  Specifically, Request for
10 Production No. 10 covered the period January 1999 through the date of the defendant's response.  The
11 complaint filed in this action alleges purchases of "signal theft devices" beginning December 29, 2001.  The
12 plaintiff's did not reply to the defendant's concerns regarding the time frame covered by the request.  While
13 this court is **denying** the defendant's motion for a protective order as to his financial records, the court is
14 limiting the time from 2001 to the present.  Mr. Fowler is ordered to comply with the Request for
15 Production.

16     *Social Security Number.*  Mr. Fowler requested a protective order relieving him of the
17 responsibility of providing his social security number.  The plaintiffs do not object although they admit
18 they already have Mr. Fowler's social security number.  The court is therefore not requiring Mr. Fowler to
19 provide his social security number to the plaintiff.  In this regard, the plaintiff proposed a Stipulated
20 Protective Order to Mr. Fowler regarding use of information obtained through the discovery process in this
21 specific case.  This may be an agreement which both sides wish to review once again.  The court is not
22 ordering, however, that such an order be entered.  With regard to Mr. Fowler's social security number, the
23 plaintiff is prohibited from using Mr. Fowler's social security number for any matter unrelated to this
24 specific litigation.   The court, therefore, is **granting** Mr. Fowler's request that he not be required to
25 provide his social security number to the plaintiff.

26     *Postings on a web site.*  Mr. Fowler also requests a protective order which would prevent the
27 plaintiff from using any of the defendant's "posts" on www.wumarkus.com.  Mr. Fowler alleges that this is
28 a website he uses "to collaborate with professional lawyers and people experienced in this realm regarding

defense against this particular DirecTV litigation." Dkt. #29, page 4. The request for a protective order as to www.wumarkus.com is **denied.** Postings on a web site available to the world are not protected. The mere fact of such a posting indicates that there is no intent to keep the information confidential. Therefore, there is no work product protection available to the defendant.

*Computer hard drive.* Request for Production No. 14 requested production of "all computer hard drives from any computers that you own or make use of for inspection by DIRECTV, Inc."

The plaintiff is entitled to search Mr. Fowler's hard drives for relevant information only. While Mr. Fowler denies any wrongdoing, the plaintiff is not required to accept his statements and may seek other sources of information with may support its claims. A review of the defendants hard drive(s) may reveal relevant evidence.

The defendant objects on the grounds that his computer contains his work product. That may be the case. However, it may also contain information relevant to the plaintiff's claims which claims are independent of the defendant's work product. The issue that needs to be worked out is the protocol for the search. The defendant's request for a protective order as to his hard drive is **denied.** The defendant is ordered to produce the hard drive(s) as requested.

The plaintiff did propose a protocol to the defendant. The parties did not reach any agreement, however, as to the protocol. It is, therefore, **ORDERED** that:

(a) An independent computer specialist will electronically copy, or mirror, and then search the hard drives from the defendant's computers for all search terms that are responsive to a list of terms prepared and submitted by DIRECTV. The plaintiff shall provide the defendant with the list of search terms at the same time it provides said list to the computer specialist. The specialist shall search all files for the period January 1, 2000 to the present, whether active, deleted, reformatted, erased, or overwritten. The original hard drive shall be returned to the defendant within two days of the plaintiff's receipt of the hard drive(s).

(b) After the independent computer specialist conducts the search, all responsive documents will be reproduced on a CD-ROM. The computer specialist shall retain possession of the CD-ROM during the pendency of this litigation.

( c) The independent computer specialist shall print all recovered documents and produce them to the defendant. The defendant shall review such printed documents and he shall produce to the plaintiff all

non-privileged communications that are responsive to any of the search terms provided by DirecTV. For those documents that are not produced, the defendant shall produce, simultaneously, a privilege log describing the documents withheld and the grounds for such withholding. The defendant shall serve the documents and the privilege log on the plaintiff no later than 10 days from his receipt of the documents. If the plaintiff objects to any portion of the privilege log, such portion shall be identified in a written motion, after the parties have conferred with regard to the disputed portions. If the plaintiff files a motion with regard to the privilege log, the defendant shall provide the court with copies of the documents objected to by the plaintiff within five days of the filing of the motion in order to permit the court to conduct an in camera review of said documents.

(d) In order to ensure that all documents reproduced on the CD-ROM by the computer specialist are either produced to the plaintiff or addressed in the privilege log, the plaintiff may provide a list to the computer specialist, with a copy to the defendant, which sets forth the documents produced and the documents covered in the privilege log. If the computer specialist determines that the CD-ROM contains documents which were not produced or which are not contained on the privilege log, the computer specialist shall prepare a list which identifies the documents not produced. This list shall be provided to the parties. The parties shall confer to attempt to resolve any disputes prior to presenting a motion to the court.

(e) The Court orders that the search of the Defendant's hard drives and the production of the relevant documents shall be completed within 21 days of the receipt, by the computer specialist, of the defendant's hard drives.

(f) The defendant shall not "wipe," destroy, or otherwise secret any information stored in his hard drive(s) as long as the present litigation is pending.

**Defendant's Motion to Quash (Dkt. 31).** Mr. Fowler filed a Motion to Quash on March 30, 2005. The motion is to "quash the introduction of his CCNow records as he there is no insinuating reason that they should be obtained or admitted." Dkt. 31 at page 2. In addition the defendant objected on the grounds that the request for banking account records is "overbroad, fails to adequately describe the information sought, and is not likely to lead to discovery of admissible evidence. Further, they request materials not relevant to the proceedings at hand and Plaintiff has not supplied a reasonable explanation of

what information is sought, or the possible probative value thereof." Dkt. 31, page 2.

The plaintiff sent a subpoena for the CCNow records and provided copies of said subpoena to the defendant on March 23, 2005, as noted in the Certificate of Service. Dkt. 38, Exhibit B. The CCNow is an internet payment service. It may have information relevant to the plaintiff's claims. These records are not privileged nor are they covered by any other exception noted in Fed. R. Civ. P. 45( c)(3)(A)(iii). The motion to quash is **denied**.

**Plaintiff's counter motion to strike (Dkt. 37).** The plaintiff objects to the filing, by Mr. Fowler, of the Declaration of John Fisher dated February 17, 2004 at Yorba Linda, California, with attached Exhibits 1 and 2 and to the Declaration of David Bautista dated July 13, 2004 at Bellflower, California with attached Exhibits 1 and 2. These documents were first filed in this case as exhibits to Defendant David Fowler Motion for a Protective Order, Docket 29, Exhs. B and C.

A motion to strike under Fed. R. Civ. P. 12 (f) permits the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The plaintiff requests the documents be stricken from the record as they are protected by the attorney-client privilege. However, the defendant has provided sufficient evidence to this court for it to conclude that these documents have become part of the public record as they have been filed in other cases in other courts. *See* Exhibits B and C to Dkt. 42, as referenced by the defendant in Defendant's Response to Plaintiff's Response to Defendant's Motion for 1) A Prortective Order, 2) a Motion to Quash and Plaintiff's Counter Motion to Strike. Dkt. 43, page 4.[1] The plaintiff's motion to strike is therefore **denied.** The denial of this motion does not address any issue as to relevance or admissibility.

**Plaintiff's Motion to Compel Discovery (Dkt. 46).** The plaintiff noted a motion to compel discovery for April 22, 2005. Dkt. 46. The request is for production of the defendant's hard drive(s) and his bank records. The court has ruled with regard to the hard drive(s) and this motion is therefore moot. With regard to bank records, the court has also ruled. There remains, however, the issue of production of credit card information. The defendant has replied to the plaintiff's motion and the plaintiff has filed its response.

---

[1] The court notes reference to Exhibits B, C, D and E. Those exhibits were not attached to Dkt. 43 but they were attached to Dkt. 42 and were reviewed and considered by the court.

1       The motion to compel production of credit card records and information is **denied.** There was no
2  specific request made by the plaintiff for the defendant's credit card information. Request for Production
3  of Documents No. 10 was not so broadly written as to put anyone on notice that the request included
4  credit card information.   Additionally, as the defendant correctly points out in his response (Dkt. 53) at
5  page 4, the portions of Mr. Fowler's deposition which are included in Exhibit B to the Declaration of
6  Stacie Foster in Support of Motion to Compel Discovery (Dkt. 47) contain no reference to credit cards.

7       **PayPal Records (Dkt. 42)**.  Mr. Fowler filed Defendant's Motion in Limine to Suppress the
8  Information Obtained from PayPal Records. Dkt. 42.   He did not note the motion pursuant to the rules.
9  He denies that he received notice of the subpoena to PayPal.  The plaintiff filed a copy of the Certificate of
10 Service on Mr. Fowler dated February 14, 2005.  Dkt. 38, Exh. C.  The records were reviewed in Mr.
11 Fowler's deposition.  Dkt. 47, Exh. B.  Any objection related to the discovery of these documents through
12 the subpoena have been waived.

13      **Additional comments.**  The court advises Mr. Fowler that there shall be no reference to settlement
14 negotiations in any pleadings filed with this court.  Additionally, the filing of proposed orders, along with
15 the motion, is a requirement of Local Rule CR 7.   The court expects the parties to confer either in person
16 or over the telephone prior to the filing of any additional discovery motions as require by Local Rule CR
17 37.   Finally, the court calls Mr. Fowler's attention to Local Rule CR 7 which sets for the procedure to be
18 followed when noting a motion for decision by the court.

19      The clerk is directed to send a copy of this order to the defendant.  Additionally the following
20 docket entries are to be removed from the motion docket: #29, 31, 37, 42 and 46.

22                  DATED this 10th day of May, 2005.

24                  ___/s/ Karen L. Strombom____
                    Karen L. Strombom
25                  U.S. Magistrate Judge

Order Denying Motion to Extend Time for Indictment
Page - 6