UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID A. FOWLER,<br><br>    Defendant. | Case No.  04-5313 KLS<br><br>ORDER AWARDING SANCTIONS, ATTORNEY FEES, COSTS and GRANTING INJUNCTIVE RELIEF |

    This Court granted the plaintiff's motion for summary judgment and requested additional briefing as to the relief being requested by the plaintiff.  DirecTV filed its brief as directed (Dkt. #87) and is requesting injunctive relief, attorney fees, costs and damages.  While the defendant filed his response (Dkt. #90), he raised no substantive or specific objection to the plaintiff's requested relief.

    Based on the undersigned's review of all the materials filed in this case, the court is awarding the following:

    1.  Attorney fees:    $53,802.00

    2.  Costs:    3,514.28

    3.  Damages    70,000.00

    In addition, the permanent injunction as requested by the plaintiff (with one modification) is hereby granted.

## BASIS FOR AWARD OF DAMAGES

The plaintiff requested an award of damages under 18 U.S.C. § 2511 and 2520; 47 U.S.C. § 605(a); and 47 U.S.C. § 605 (e)(4). In order to recover under 18 U.S.C. § 2511 and 47 U.S.C. § 605 (a), the plaintiff requests that this court assume the defendant retained for his personal use one of the seven signal theft devices he purchased and that he distributed the remaining six devices. However, the plaintiff has failed to present any evidence from which such an inference could be made, other than the fact that the defendant owned one computer. The undersigned is unwilling to make the assumption urged by the plaintiff.

It is clear, however, that the defendant did purchase seven signal theft devices and that the plaintiff is entitled to recover damages for such purchases pursuant to 47 U.S.C. § 605 (e)(4). Pursuant to 47 U.S.C. § 605 (e)(3)(C)(i)(II) the court has discretion to award an amount of "not less than $10,000, or more than $100,000, as the court considers just" for each violation of this section of the statute. "For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation." 47 U.S.C. § 605 (e)(4). It is this court's opinion that damages in the sum of $10,000 per device is just under the facts and circumstances as they are presently known. Therefore, damages are awarded DirecTV in the sum of $70,000.

47 U.S. C. § 605 (e)(3)(B)(iii) directs "the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." The undersigned has reviewed the request for attorney fees submitted on behalf of the plaintiff and finds that an award of the full amount requested is appropriate. Therefore, attorney fees in the sum of $53,802 is awarded. The court further takes note of the fact that the hourly rate, as requested by the plaintiff, reflects a reduced rate rather than the regular hourly rate charged by the plaintiff's attorney.

With regard to costs, it is particularly appropriate to require the defendant to pay all of the expenses of William Thorn of Thorn Associates, which is $2,358.98. In addition, the filing fee and costs of depositions are awarded for a total of $3,514.28 (which sum includes Mr. Thorn's fees). The total judgment awarded the plaintiff against the defendant is $127,316.28.

INJUNCTIVE RELIEF

With regard to the plaintiff's request for a permanent injunction, the undersigned will sign the proposed Permanent Injunction (Dkt. 87) with the deletion of paragraph 6, page 3, once the amended permanent injunction is forwarded to the undersigned judges orders box.

The clerk is hereby directed to mail a copy of this order to the defendant.

Dated this 31st day of October, 2005.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge